IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

RANDALL L. TRUESDALE,

    Plaintiff,

v.                                                          Civil Action No:_2:20-cv-00651_
                                                        Honorable _____

PRICE GREGORY INTERNATIONAL, INC.

    Defendant.

## COMPLAINT

**COMES NOW** Randall L. Truesdale ("Plaintiff"), by counsel, and states as follows for their Complaint against Defendant Price Gregory International, Inc. ("PGI"):

## PARTIES

1.    Plaintiff is a resident and citizen of the State of South Carolina. At all times relevant hereto, Plaintiff was employed by System One Holdings, LLC ("System One") as a Tier 3 Welding Inspector. At no time was Plaintiff employed by PGI.

2.    PGI is a Delaware corporation with its principal place of business located in Katy, Texas. At all times relevant hereto, PGI was engaged in the business of heavy and civil engineering construction.

## JURISDICTION AND VENUE

3.    This Court has original jurisdiction pursuant to 28 U.S.C. § 1332 in that the amount in controversy exceeds $75,000.00, exclusive of costs and interest, and involves citizens of different states.

4.    Venue is proper in the United States District Court for the Southern District of West Virginia pursuant to 28 U.S.C. § 1391(a) as a substantial portion of the events giving rise to

1

the claims herein took place in Jackson County, West Virginia, which is within the judicial district of this Court.

## FACTS

5.      On or about October 26, 2018, Plaintiff was working for a contractor as a weld inspector on a PGI worksite in Jackson County, West Virginia and known as MXP Spread 6. Plaintiff was not on this day, not on any other day, an employee of defendant PGI.

6.      That day, PGI's task on that day was to place and tie-in[1] a section of pipe using a weld.  To perform this task, crews were using two Caterpillar side-boom pipelayers placed on a 19-degree slope to support and manipulate a section of pipe for a final tie-in.  Because the side-booms were on a slope, parking brakes were engaged to prevent movement.

7.      The parking brake on the Caterpillar PL87 side-boom pipelayer in question was controlled by a rocker switch in the operator's compartment.  The rocker switch was susceptible to inadvertent movement by an operator; therefore, at all relevant times, there was available as originally equipped by the manufacturer, a safety device in the form of a plastic collar safeguard for the rocker switch which served to prevent inadvertent actuation, release or movement. However, on this date, the plastic collar safeguard was broken and/or removed from the subject Caterpillar PL87 side boom pipelayer such that it was not safe for use for this task performed under the operation and direction of PGI.

8.      While the pipe was in the weld clamps, the PGI-employed operator of the subject Caterpillar PL87 side-boom pipelayer inadvertently knocked the rocker switch which controlled the brake, which was not protected by the originally equipped plastic collar safeguard designed solely to prevent such inadvertent release.

---

[1] The term "tie-in" refers to connecting a new line or branch to an existing line of piping utilizing a weld.

9. Upon doing so, the brakes on the subject Caterpillar PL87 side-boom pipelayer released, causing a shift in the pipe section. The pipe section released from the welding clamps and struck Plaintiff, crushing him against the trench.

10. Following the incident, investigation by the United States Department of Labor's Occupational Safety & Health Administration ("OSHA") resulted in PGI being issued a citation for violation of mandatory safety regulations for allowing the subject Caterpillar PL87 side-boom pipelayer to be placed into service with the safeguard collar missing from the brake. OSHA went on to state, "The condition of the safety guard around the toggle switch was discussed during the walkaround. The operator is manual was reviewed and stated 'A daily inspection of the guards is required in order to check for structures that are bent, cracked or loose. Never operate a machine with a damaged structure.' It was determined that the operation of the side boom tractor in its current condition was outside the guidelines set forth by the manufacturer."

11. Defendant PGI, by and through its site safety manager, conducted its own investigation of plaintiff's injury. In the PGI First Report of Incident Form, defendant PGI admitted that the incident was caused by an unsafe condition and stated, "[t]he parking brake plastic collar safeguard to prevent inadvertent activation/deactivation was not installed on the side boom." It also acknowledged that an unsafe act was a cause of the incident and listed as the unsafe act "[u]tilizing equipment without required safeguard in place."

12. As a result of the crushing injury, Plaintiff suffered contusions and lacerations to the left kidney, as well as contusions to the left front wall of the thorax and the abdominal wall. Due to the severity of the renal hematoma and lacerations, he was transported to CAMC General Trauma Unit secondary to risk of worsening of his condition or death.

13. Furthermore, Plaintiff has sustained additional compensatory damages including, but not limited to:

    a. pain and suffering, including mental anguish;

    b. loss of capacity to enjoy life;

    c. annoyance and inconvenience;

    d. emotional distress;

    e. past and future medical expenses;

    f. past and future lost income and earning capacity;

    g. past and future lost services, protection, care and assistance; and,

    h. other damages incurred as a result of Defendant's conduct.

## COUNT I
### (Negligence)

14. Plaintiffs repeat and incorporate by reference the allegations contained in paragraphs 1 through 13 of this Complaint as if set forth herein verbatim.

15. PGI, as the operator on the worksite and of the side-booms being utilized during the tie-in on October 26, 2018, had a duty to exercise reasonable care in the operation of its equipment and to use safe equipment. Defendant likewise owed to the plaintiff a duty to provide a reasonably safe place to work.

16. PGI negligently, recklessly, willfully, and with wanton disregard of work safety, breached its duty to Plaintiff by operating and placing into service on the jobsite the subject Caterpillar PL87 side-boom pipelayer which was not maintained in safe operating condition in that it lacked the originally equipped plastic collar safeguard and allowing the inadvertent disengagement of the parking brake by knocking the rocker switch.

17. As a direct and proximate result of Defendant's actions and omissions on and before October 26, 2018, Plaintiff suffered compensable injuries as described herein.

**WHEREFORE**, Plaintiff demands judgment against Defendant for:

a. an amount of compensatory damages determined by a jury according to the laws of the State of West Virginia;

b. An amount of punitive damages determined by a jury according to the laws of the State of West Virginia;

c. costs and attorney fees expended in prosecution of this matter;

d. pre-judgment and post-judgment interest as provided under the law; and

e. any and all other relief to which the Court deems Plaintiff is entitled.

**PLAINTIFF DEMANDS A JURY TRIAL**

        **RANDALL L. TRUESDALE,**
        By Counsel,

        */s/ D. Blake Carter, Jr.*
        D. Blake Carter, Jr. (WV State Bar # 9970)
        David A. Bosak (WV State Bar # 11947)
        BAILEY JAVINS & CARTER, LC
        213 Hale Street
        Charleston, WV 25301
        (304) 345-0346 (T) / (304) 345-0375 (F)
        jrcarter@bjc4u.com
        dbosak@bjc4u.com

        Jeffrey L. Robinette (WV State Bar #5786)
        ROBINETTE LEGAL GROUP, PLLC
        211 Everhart Dr., Suite 200
        Morgantown, WV 26508
        304-594-1800 (T) 304-594-0000 (F)
        Jeff.Robinette@Robinettelaw.com
        *Counsel for Plaintiff*